### DAVIS, a Minor v MACK

Common Pleas Court, Hamilton Co

Decided June 22, 1939

Rosen & Rosen, Cincinnati, for plaintiff.

W. B. Bush, Cincinnati, for defendant.

### OPINION

By WOESTE, J.

This cause is before the court on a motion filed by the defendant to strike those allegations in the petition which are calculated to fix liability on the defendant by reason of alleged negligence, in her custodial capacity for the acts of a minor grandchild.

The petition includes the following allegations:

"Plaintiff for his cause of action says he is a minor fourteen years of age, and that he brings this suit by his father and next friend, George Arthur Davis, Jr.; that the defendant, Mary Mack, is the grandmother, natural guardian of Sam Lindsey, a minor, nineteen years of age; that said defendant, Mary Mack having reared and maintained Sam Lindsey, since he was a very small child, treating him as her own, Sam Lindsey having made his nome for a number of years with the defendant, and was residing on October 7, 1938, with the defendant, said defendant standing in the position loco parentis towards Sam Lindsey; that said defendant permitted Sam Lindsey to keep loaded revolvers and cartriges on his person and around the home and premises of the defendant, defendant having full knowledge of the same; that the defendant knew of the fact that Sam Lindsey, her grandson, had been firing said revolver on the premises of the defendant, and permitted him to do so. Further that Sam Lindsey was of a violent and vicious

nature, continuously threatening his friends and actually pointing revolvers at them, becoming intoxicated, both on the premises of the defendant and elsewhere; that the defendant made no attempt to restrain these practices of Sam Lindsey, but this conduct, on the part of the defendant resulted in the encouragement of the previously stated actions of Sam Lindsey. Plaintiff says that due to the negligence of the defendant, as set forth above, Sam Lindsey, on the 7th day of October, 1938, on the premises of the defendant at 3244 Rammelsberg avenue, Cincinnati, Ohio, discharged a revolver at the plaintiff, causing the plaintiff to be shot below the right elbow; * * * "

The question presented is that of the lability of the defendant, if any, under these allegations.

In the opinion of the court, the case of Smith v Salvaggio, 4 Tenn., C. C. A., 727, is determinative of the law involved. The court in that instance uses the following language:

"We think it the well-settled law that a parent who permits his or her child to have possession of a deadly weapon, when on account of the child's youth and inexperience he is incompetent to be entrusted with it, and the parent knows the danger that might happen to others from the use of such weapon, or in the exercise of reasonable care, should know it, is liable for the injuries inflicted upon others by the child's reckless use of such weapon. In other words, the parent is chargeable with negligence in such cases if from all the facts and circumstances. he should have know of the probable danger and injury that might result from permitting the child to. have the weapon in his possession. * * * The rule for such liability upon the part of the parent is not founded on the relation of parent, but upon the ground of the negligence of the parent in permitting the child to have possession of the dangerous and deadly weapon, when from his youth and inexperience, it might be reason-

ably anticipated that in the use of such weapon, the child would inflict injury upon others."

The allegations in the petition, therefore, become material. If the acts of negligence alleged therein can be proven against the defendant it would be a question for the jury to determine whether the defendant was negligent under all the circumstances.

This court is of the opinion that the law of this case is well settled in the case just stated. Other authorities touching upon the liability of parent, guardian or custodian of a child are:

**Cameron v Heister, 10 Oh. Dec. Rep., 651; 30 O. Jur., p. 628; Byrnes v Hewston, 13 Oh Ap 13; Elms v Flick, 100 Oh St 186; 20 Ruling Case Law, p. 51; Elliott v Harding, 107 Oh St 387; Archibald v Jewell, 70 Pa. Sup. Ct. 247.**

The cases cited are not necessarily on all fours with the instant one, but reflect on the soundness of the rule stated in Smith v Salvaggio, supra.

The motion to strike therefore is overruled.