HUSTON ET AL., APPELLEES, *v.* KONIECZNY ET AL., APPELLEES; CORDELL ET AL., APPELLANTS.

[Cite as Huston *v.* Konieczny (1990), 52 Ohio St. 3d 214.]

(No. 89-834—Submitted April 11, 1990—Decided July 11, 1990.)

*Murray & Murray Co., L.P.A., W. Patrick Murray, William H. Bartle* and *Steven C. Bechtel,* for appellees Robert Huston, Roger Huston and Joyce Huston.

*Eastman & Smith, Richard E. Antonini* and *Joseph A. Gregg,* for appellant Goodsite.

*Schuller & Bennett* and *James L. Schuller,* for appellants Ronald Cordell, Harry Cordell, Sr., Linda Cordell, Harry Cordell, Jr. and Robert Chio.

*Manahan, Pietrykowski, Bamman & DeLaney* and *Cormac B. DeLaney,* for appellee Bodnar.

*Sauter & Hohenberger* and *Wayne P. Hohenberger,* for appellees Lowell Rouanzoin, William Rouanzoin and Frances Rouanzoin.

H. Brown, J. Pursuant to Civ. R. 56(C), we must determine whether appellants were entitled to summary judgment. We find that they are not, because genuine issues of material fact exist; we affirm the decision of the court of appeals.

Our analysis of the issues requires three steps. First, we must determine whether the driver of the car was intoxicated. If the evidence supports an affirmative finding, we must resolve two additional issues. We must decide whether liability can lie against the parents who authorized the party at which the driver became intoxicated. Finally, we must determine the responsibility of those who furnished the intoxicants which caused the driver to become intoxicated.

I

Our threshold inquiry is: Was the driver of the car intoxicated? Huston claimed that Bodnar was driving at the time of the accident. Bodnar disagreed, claiming that he drove the car to his own home where he exited the vehicle, leaving Rouanzoin and Huston to drive to their homes. Rouanzoin confirmed Bodnar's version of the facts. Thus, the evidence is conflicting as to the identity of the driver.

However, the appeal is before us on motions for summary judgment and we must construe the evidence most strongly in the non-moving parties' favor. *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924. Thus, for purposes of this appeal, we accept plaintiffs' evidence that Bodnar was driving.

Bodnar claims that he drank only soft drinks on the night of the incident. None of the parties herein claimed that anyone at the party saw Bodnar drink alcoholic beverages.

Plaintiffs produced a deposition by Ann Fizer, who stated she had a conversation with Bodnar as she was arriving at the party and he was leaving. During the conversation, Bodnar told Fizer that he and the others were drunk.

Fizer's statement contradicts the trial court's finding that no evidence existed that Bodnar drank intoxicants at the party. It may be inferred from Fizer's statement (when construed in a light most favorable to plaintiffs) that Bodnar consumed alcoholic beverages at the Cordell party, since Bodnar says he consumed no alcoholic beverages before arriving at the party. The conflict in the evidence should not be resolved on a motion for summary judgment.

Thus we assume, for the sole purpose of evaluating the summary judgment, that Bodnar was the driver of the car in which plaintiff suffered in-

jury and that Bodnar became intoxicated at the party.

## II

We next consider whether the Cordell parents can be held liable for Bodnar's intoxication. In tort law, whether a defendant owes a duty to a plaintiff depends upon the relationship between them. *Commerce & Industry Ins. Co.* v. *Toledo* (1989), 45 Ohio St. 3d 96, 98, 543 N.E. 2d 1188, 1192. Whether a duty exists depends on the foreseeability of injury. *Menifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 180, 472 N.E. 2d 707, 710. Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31, 39, 41 O.O. 117, 121, 90 N.E. 2d 859, 863.

Once the existence of a duty is found, a defendant must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Mussivand* v. *David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265, 270; *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, 127, 47 O.O. 2d 282, 283, 247 N.E. 2d 732, 734; *Gedeon* v. *East Ohio Gas Co.* (1934), 128 Ohio St. 335, 338, 190 N.E. 924, 925; *Bellefontaine Ry. Co.* v. *Snyder* (1874), 24 Ohio St. 670, 676.

The complaint alleges that the Cordell children negligently acquired and served alcoholic beverages to underage persons at the party.[3] At the time of Huston's injury, R.C. 4301.69 stated in part:

"No person shall * * * buy beer for or furnish it to a person under the age of nineteen, unless given by a physician in the regular line of his practice, or by a parent or legal guardian." 139 Ohio Laws, Part II, 2508, 2521.

We have held that one who furnishes alcoholic beverages to an underage person may be held liable for injuries to a third person resulting from that wrongful conduct. *Mitseff* v. *Wheeler* (1988), 38 Ohio St. 3d 112, 526 N.E. 2d 798.

The Cordell parents, however, argue that they would be liable only if they personally gave beer to Bodnar. At common law, a parent is not ordinarily liable for damages caused by a child's wrongful conduct. *Elms* v. *Flick* (1919), 100 Ohio St. 186, 126 N.E. 66, paragraph four of the syllabus; Prosser & Keeton, Law of Torts (5 Ed. 1984), Section 123. However, liability can attach when the injury committed by the child is the foreseeable consequence of a parent's negligent act. *Kuhns* v. *Brugger* (Pa. 1957), 135 A. 2d 395, 404, fn. 14. In those circumstances, liability arises from the conduct of the parent. *Bankert* v. *Threshermen's Mut. Ins. Co.* (Wis. 1983), 329 N.W. 2d 150, 153. Applying these principles, courts have held parents liable for the acts of their children in several ways which are relevant to the issue here.

Parents may incur liability when they negligently entrust their child with an instrumentality (such as a gun or car) which, because of the child's immaturity or lack of experience, may become a source of danger to others. See, *e.g., Davis* v. *Mack* (C.P. 1939), 29 Ohio Law Abs. 210, 15 O.O. 4, and *Bankert, supra.*

A parent may also be held responsible for failure to exercise reasonable control over the child when the parent knows, or should know, that injury to

---

[3] Whether plaintiffs have made out a cause of action against the Cordell children for allegedly furnishing beer to underage persons in violation of former R.C. 4301.69 is not before us.

another is a probable consequence. See, *e.g., Cashman* v. *Reider's Stop-N-Shop Supermarket* (1986), 29 Ohio App. 3d 142, 29 OBR 158, 504 N.E. 2d 487; *Landis* v. *Condon* (1952), 95 Ohio App. 28, 52 O.O. 371, 116 N.E. 2d 602; *Parsons* v. *Smithey* (Ariz. 1973), 504 P. 2d 1272; *Gissen* v. *Goodwill* (Fla. 1955), 80 So. 2d 701; see, also, 2 Restatement of the Law 2d, Torts (1965), Section 316.

Finally, when parents know of the child's wrongdoing and *consent* to it, direct it *or sanction it,* they may be held liable. *Wery* v. *Seff* (1940), 136 Ohio St. 307, 16 O.O. 445, 25 N.E. 2d 692 (parent incurred liability for third person's injuries because parent consented to his fifteen-year-old son's driving the family car, in violation of city ordinance); *Bankert, supra; Southern American Fire Ins. Co.* v. *Maxwell* (Fla. App. 1973), 274 So. 2d 579.

In the present case, when the evidence is viewed most favorably to plaintiffs, it can be concluded that: (1) the parents authorized the use of their home for a teenage party at which intoxicants would be consumed, (2) the parents knew or should have known that their children would furnish alcohol to underage guests, and (3) the parents were out of state and knew that there would be no parental or other supervision at the party.

These conclusions, taken most favorably to plaintiffs, demonstrate an authorization by the Cordell parents to their children to furnish intoxicants to others in violation of Ohio statutory law, as well as an abdication of parental responsibility. It does not stretch the established law of torts to say that such conduct fails to meet the standard of ordinary care expected of parents under the same or similar circumstances. Nor does resolution of this case require us to adopt the so-called "social host" theory of liability which some of the parties have invited us to consider.

### III

The final issue centers on the absence of proof with respect to who, if anyone, specifically furnished intoxicants to Bodnar. Furnishing beer to underage persons violates R.C. 4301.69 and is negligence *per se.* See *Mitseff* v. *Wheeler, supra; Gressman* v. *McClain* (1988), 40 Ohio St. 3d 359, 361, 533 N.E. 2d 732, 735. However, appellants plausibly contend that there are several equally likely sources of Bodnar's alleged intoxication, and so plaintiffs failed to carry their burden of proof that appellants' alleged tortious conduct caused Huston's injuries.

The fact situation presented to us is addressed in 2 Restatement of the Law 2d, Torts (1965), Section 433B(3). Subsection (3) states: "Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm."

Comment *f* to subsection (3), *supra,* states that the reason for the exception is the unfairness of permitting tortfeasors to escape liability simply because the nature of their conduct and of the resulting injury has made it difficult or impossible to prove which of them caused the harm. *Id.* at 446. The exception applies when each of two or more actors has acted tortiously and the harm has resulted from the conduct of one or more of them. 2 Restatement of the Law 2d, Torts (1965), Section 433B, Comment *g.*

We adopted 2 Restatement of the Law 2d, Torts, Section 433B(3) in *Minnich* v. *Ashland Oil Co.* (1984), 15 Ohio St. 3d 396, 15 OBR 511, 473 N.E. 2d

1199. We followed *Minnich* in *Goldman* v. *Johns-Manville Sales Corp.* (1987), 33 Ohio St. 3d 40, 514 N.E. 2d 691, wherein we held that "[u]nder alternative liability theory, plaintiff must prove (1) that two or more defendants committed tortious acts, and (2) that plaintiff was injured as a proximate result of the wrongdoing of one of the defendants." *Id.* at paragraph one of the syllabus.

In order for the burden of proof to shift from the plaintiffs under 2 Restatement of the Law 2d, Torts, Section 433B(3), all tortfeasors should be before the court, if possible. See Comment *h* to Section 433B(3) ("The cases thus far decided in which the rule stated in Subsection [3] has been applied all have been cases in which all of the actors involved have been joined as defendants."); *Sindell* v. *Abbott Laboratories* (Cal. 1980), 607 P. 2d 924, 930-931; *Summers* v. *Tice* (Cal. 1948), 199 P. 2d 1.

Applying these principles to the present case, plaintiffs must show: (1) that the beer furnished to underage persons came from the Cordells, Goodsite or the other named defendants, and (2) that Huston was injured as a proximate result of the wrongdoing of at least one of these defendants.

In the present case it is possible that Bodnar could have become intoxicated by beer furnished by other partygoers. However, the evidence, when taken in plaintiffs' favor, does not compel that conclusion. The trial court erred when it granted summary judgment on the basis that plaintiffs failed to prove the specific source of the beer consumed by Bodnar.

It is apparent from the record before us that the defendants may ultimately prevail as the result of findings in their favor on one or more of the disputed issues of fact. The record, however, is not sufficient to support the disposition of the claim against the Cordells and Goodsite by summary judgment.

We affirm the decision of the court of appeals and remand the cause to the court of common pleas for further proceedings consistent with our decision.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT and RESNICK, JJ., concur.

SWEENEY, J., concurs in judgment only.

HOLMES, J., dissents.

HOLMES, J., dissenting. The broad language of the syllabus law of this opinion, supported by the content of the opinion, means that if parents provide their home for a group of teenagers who get together for a party, and are aware that the teenagers "probably will have some beer," even though not furnished by the parents, they (the parents) may be liable for injuries resulting from their children "chipping in" to buy some of the beer for the party. Under the stance of this case, liability may ensue, without any evidence that these parents' children were the providers of such alcohol to the tortfeasor.

The majority opinion here concludes among other things that "the parents knew or should have known that their children would furnish alcohol to underage guests * * *." Nowhere in this record before the trial court upon summary judgment is there evidence that the parents knew or should have known that their children were going to buy beer for the group — or even that they knew their children were going to "chip in" to buy the keg of beer.

Because there were several equally likely sources of Bodnar's alleged intoxication, some of which the defendants could not arguably be held responsible for, and because the plaintiffs have failed upon summary judgment to produce any evidence either demonstrating that the defendants' alleged negligence was the proximate cause of the plaintiffs' injuries, or eliminating the effectiveness of other causes of Bodnar's alleged intoxication for which the defendants are not legally responsible, summary judgment was properly entered for the Cordells and Goodsite by the trial court.