those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I
Appellants contend, in their first assignment of error, the trial court erred when it determined appellee did not owe Appellant Kenneth Gribben a duty to warn him of a quarter-inch thick piece of steel extending four feet from appellee's trailer. We agree.
"In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury."Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565, citing Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103,108-109; Sedar v. Knowlton Constr. Co. (1990), 49 Ohio St.3d 193,198, overruled on other grounds. Appellants' first assignment of error focuses on the issue of duty. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelmanv. Timman (1997), 117 Ohio App.3d 544, 549. Therefore, in order to overcome a motion for summary judgment, a plaintiff must identify a duty owed him or her by the defendant. Keister v.Park Centre Lanes (1981), 3 Ohio App.3d 19, 22-23.
The existence of a duty is a question of law. Mussivand v.David (1989), 45 Ohio St.3d 314, 318. Further, the existence of a duty depends on the foreseeability of the injury. Huston v.Konieczny (1990), 52 Ohio St.3d 214, 217. "Only when the injured person comes within the circle of those to whom injury may be reasonably anticipated does the defendant owe him a duty of care." Adelman at 549, citing Gedeon v. E. Ohio Gas Co.
(1934), 128 Ohio St. 335, 338. It has also been stated that an injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. Huston at 217. In the case sub judice, appellee owed Appellant Kenneth Gribben the duty of reasonable care. Reasonable care is that which would be used by an ordinarily prudent person under certain circumstances. Smith v. United Properties, Inc. (1965),2 Ohio St.2d 310, paragraph two of the syllabus.
In construing the evidence in favor of appellants, as required by Civ.R. 56, we find Appellant Kenneth Gribben is within those to whom injury may be reasonably anticipated and therefore, appellee owed Appellant Kenneth Gribben a duty of reasonable care. The piece of steel appellant collided with was stationary and located at approximately face level. Appellant Kenneth Gribben testified, at his deposition, that he did not see the piece of steel while he was approaching his wife, but he did see it after he collided with it and fell to the ground. Depo. Kenneth Gribben at 58.
We also find appellee created a duty based upon its oral policy requiring the trailer bed to be flagged. According to appellee's president, Paul J. Miller, the company has a policy that requires "any overhanging load, 4 feet or more in length beyond the transporting truck or trailer bed to be 'flagged' during the daylight hours and 'flagged and lit' during nighttime hours." Answer # 11, Appellants' first set of interrogatories. Although a flag was attached, at the warehouse, with a metal clip or wire twist, by the time the truck and trailer arrived at the premises of Appellant Kenneth Gribben's employer the flag was missing. Depo. Sam Stoltzfus at 25.
Accordingly, we find based upon the facts as set forth at the time of the summary judgment hearing and construing the evidence in favor of appellants, that appellee owed Appellant Kenneth Gribben a duty to warn him of the protruding piece of metal due to the foreseeable nature of the injury and appellee's oral policy.
Appellants' first assignment of error is sustained.
 II
In their second assignment of error, appellants contend the trial court erred when it sustained appellee's motion for summary judgment on the basis that R.C. 4513.03 does not apply to appellants' negligence per se theory. We disagree.
The statute appellants rely on, in support of this assignment of error, provides as follows:
 Whenever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle, there shall be displayed at the extreme rear end of the load, at the times specified in section 4513.03 of the Revised Code, a red light or lantern plainly visible from a distance of at least five hundred feet to the sides and rear. The red light or lantern required by this section is in addition to the red rear light required upon every vehicle. At any other time there shall be displayed at the extreme rear end of such load a red flag or cloth not less than sixteen inches square.
Appellants argue that the violation of the above statute constitutes negligence per se. In granting summary judgment on behalf of appellee, the trial court determined R.C. 4513.09
does not apply to private property since the statute specifically refers to "streets and highways". Judgment Entry, May 21, 1998, at 2. We agree with the trial court's conclusion and find R.C. 4513.03 is inapplicable to appellants' negligenceper se theory.
Appellants' second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed in part, reversed in part and remanded.
--------------------
--------------------
 -------------------- JUDGES
H on. John W. Wise, P. J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.