[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Madelyn Kraft appeals the trial court's entry of summary judgment in favor of defendant-appellee Janette Wuestefeld. In August 1998, Kraft injured her ankle after a cart knocked into the back of her leg. Kraft filed a complaint against Wuestefeld for negligent supervision of her son.[1] In the complaint, Kraft alleged that Wuestefeld's son (who was three years old at the time) had pushed the cart into the back of Kraft's leg, causing injury to her leg. Wuestefeld filed a motion for summary judgment, arguing that parental liability could not be imposed against her because no evidence was presented that Wuestefeld had breached a duty owed to Kraft.
In her sole assignment of error, Kraft alleges that the trial court erred in granting summary judgment in favor of Wuestefeld, because a genuine issue of material fact existed relating to whether Wuestefeld was negligent in supervising her child.
On appeal, this court conducts a de novo review of the entry of summary judgment.[2] Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[3] The moving party bears the burden of pointing out in the record where it is shown that no genuine issue of material fact remains.[4] Once the moving party satisfies its burden, the nonmoving party has the reciprocal burden of setting forth specific facts demonstrating that a genuine issue exists to be litigated.[5]
Parents are not ordinarily liable for the torts of their minor children under the common law.[6] But liability may arise where the parents' negligence relates to the conduct of a minor child.[7] According toHuston v. Konieczny, parents may incur liability through the actions of a minor child under the following circumstances: (1) when they negligently entrust their child with an instrumentality that becomes a source of danger; (2) when they fail to exercise reasonable control over the child when they know, or should have known, that injury to another is a probable consequence; and (3) when they know of the child's wrongdoing and consent to it, direct it, or sanction it.[8]
To support her negligence claim, Kraft must identify as a matter of a law a duty owed to her.[9] To establish liability in the first two situations delineated in Huston v. Konieczny, there is a duty to exercise reasonable care to avoid foreseeable injury to others.[10]
Forseeability is established by pointing to "specific instances of prior conduct sufficient to put a reasonable person on notice that the act complained of was likely to occur."[11]
Nothing in the record points to prior instances of conduct demonstrating that Wuestefeld's minor child had a propensity for misbehavior. Kraft and Kraft's sister-in-law, who was with Kraft when she was injured, testified that they did not observe Wuestefeld's child misbehaving prior to the accident. An assistant manger for The Kroger Co., who responded to the accident, testified that there had been no complaints about Wuestefeld's child misbehaving. And nothing in the record demonstrates that Wuestefeld had prior knowledge that her minor child had a particular propensity for misbehavior. Rather, Wuestefeld testified that her son's behavior had always been typical of a child his age. Thus, when viewing the evidence in the light most favorable to Kraft, we hold that Kraft's injuries were not foreseeable because Kraft did not cite to any specific instances of prior conduct sufficient to put a reasonable person on notice that Wuestefeld's minor child was likely to push a shopping cart into someone.
As for the third situation identified in Huston, nothing in the record demonstrates that Wuestefeld consented to, directed, or sanctioned her child's alleged misconduct. It is uncontroverted that Kraft was injured at a Kroger store by a shopping cart that hit Kraft's leg. It is also uncontested that Wuestefeld and her minor child were in the same aisle as Kraft when she was injured. But there is conflicting evidence in the record concerning whether Wuestefeld's child actually pushed the shopping cart into Kraft. With the evidence viewed in the light most favorable to Kraft, the mere fact that Wuestefeld apologized for Kraft's injury does not demonstrate that Wuestefeld had consented to, directed, or sanctioned her child's alleged conduct.
In sum, we hold that Kraft was entitled to summary judgment because, with the evidence viewed in the light most favorable to Kraft, there was no genuine issue of material fact, and Wuestefeld was entitled to judgment as a matter of law. The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] A claim was also filed against The Kroger Co. and John Doe. Kroger was dismissed without prejudice, and John Doe never received service of process.
[2] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[3] See id.; Temple v. Wean United (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[4] See Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264.
[5] See id. See, also, Civ.R. 56(E); Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164.
[6] See Huston v. Konieczny (1990), 52 Ohio St.3d 214, 556 N.E.2d 505, syllabus.
[7] See id.
[8] See id. at 217-218.
[9] See Nearor v. Davis (1997), 118 Ohio App.3d 806, 812, 694 N.E.2d 120.
[10] See id. at 813.
[11] Id., quoting Haefele v. Phillips (Apr. 23, 1991), 10th Dist. No. AP-1331. Accord Hau v. Gill (July 14, 1999), 9th Dist. No. 98CA007061.