{¶ 42} I concur in both the judgment and the opinion with respect to (1) Appellant Penix's claims regarding absolute nuisance and a duty based upon a special relationship; and (2) Appellee Knipp's assertion that she enjoys immunity in this action. I respectfully dissent, however, with respect to the principal opinion's disposition of appellant's claim that appellee failed to warn her social guest of a dangerous condition on the appellee host's premises. Thus, for the reasons that follow, I would affirm the trial court's judgment in toto.
 {¶ 43} Appellant contends that the gasoline filled beer bottle, placed into an open fire by another social guest (Boyles) on appellee's property, constitutes a dangerous condition on appellee's premises. Appellant then asserts that because appellee knew about the dangerous condition on appellee's premises (at least for a couple of seconds), appellee's failure to warn appellant constituted a violation of a duty that appellee, a social host, owed to appellant, appellee's social guest.
 {¶ 44} I agree with the principal opinion that generally, a host owes a social guest the duty to warn the guest of any condition of the premises (1) which is known to the host, and (2) which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition. See Scheibel v.Lipton (1951), 156 Ohio St. 308. I further agree with the principal opinion that a "temporary condition" can, under certain circumstances, constitute a dangerous condition of the premises for which a host would have a duty to warn. For example, a social host's knowledge of an extremely slippery foreign substance on a floor's surface, although temporary in nature, could constitute a dangerous condition for which the host could have a duty to warn. Nonetheless, I believe that we should examine the peculiar nature of the premise's dangerous condition taking into account the unique facts that are involved in each individual case.
 {¶ 45} In the case sub judice, Boyles obviously committed a moronic and reckless act by placing a gasoline filled bottle into an open fire. As an aside, I note that appellant has obtained a judgment against Boyles for this reckless act. My difficulty with the principal opinion, is its conclusion that appellee, in a matter of a couple of seconds, both gained knowledge of a dangerous condition and failed to warn her social guest of this dangerous condition. It appears to me that the principal opinion concludes that appellee's duty was simultaneously created and violated. Had this condition lingered for some time longer than a couple of seconds, I could support the principal opinion's view. I believe, however, that under the facts presented in this case, we are imposing a duty on appellee to warn which is not humanly possible. I note that appellee did not participate in the misguided attempt to "rejuvenate" the fire. Also, appellee had not, previous to this occasion, observed Boyles place a gasoline filled bottle into an open fire.
 {¶ 46} Generally, a social host does not have a duty to maintain constant supervision of an adult guest and, in the absence of a special relationship, there is no duty to act affirmatively for the protection of others. Mullens v. Binsky (1998), 130 Ohio App.3d 64, 719 N.E.2d 599;Estate of Valesquez v. Cunningham (2000), 137 Ohio App.3d 413,738 N.E.2d 876. Section 315 of the Restatement of the Law 2d, Torts (1965) provides:
"`There is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless:
(a) a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
(b) a special relationship exists between the actor and the other which gives to the other a right to protection.'"
See, also, Gelbman v. Second Nat'l. Bank of Warren (1984),9 Ohio St.3d 77, 79, 458 N.E.2d 1262. Under the facts present in the instant case, I believe that reversing the trial court's judgment is tantamount to requiring a social host to maintain constant supervision of an adult guest.
 {¶ 47} Thus, I conclude that this injury was not foreseeable to a person in appellee's position. An injury is foreseeable if a defendant knew or should have known that the act or condition was likely to result in harm to someone. Husday v. Konicczay (1990), 52 Ohio St.3d 214,556 N.E.2d 505. Again, I find it unreasonable to require appellee to "maintain constant supervision" over Boyles or suffer the consequences. Had this condition continued for some period longer than a matter of seconds, I could then agree that a duty to warn should be imposed upon appellee. The facts as developed in the summary judgment materials, however, do not support a conclusion that appellant had sufficient time to warn anyone of the sudden, immediate and unfortunate danger.
 {¶ 48} Accordingly, based upon the foregoing reasons, I believe that appellee did not owe a duty to appellant and that the trial court's judgment should be affirmed in all respects.