{¶ 27} I must dissent, for I believe the majority has misapplied the controlling law in this matter. The majority suggests that since "there was no evidence of a gun ever being fired during these prior altercations renders the shooting incident unforeseeable as a matter oflaw." (Emphasis added.) That conclusory statement is simply not a correct statement of the law.
 {¶ 28} The law is clear that negligence, to be actionable, must be first premised upon a duty, which is dictated by the foreseeablity of the risk involved. As stated by Justice Cardozo, in the landmarkPalsgraf case, "[t]he risk reasonably to be perceived defines the duty to be obeyed."[2]
 {¶ 29} Risk is not defined in a vacuum, nor is it predicted by prior conduct. Rather, the focus needs to be directed to the totality of the circumstances surrounding the environment in question.[3] I would suggest that when that test is applied to these facts, it is not possible to enter summary judgment.
 {¶ 30} For the purposes of deciding whether reasonable minds could come to one conclusion, consider the following facts that must be construed in Mack's favor. First, the prior activities at this club were such that, on a normal business day, all patrons upon entering the premises were subject to a pat-down search of their person; security guards wore yellow shirts emblazoned with the term "security"; and an electronic wand was utilized to search for weapons as the patrons arrived. Second, on the day in question, the club's security guard was either "drinking four beers" or drunk; *Page 10 
and the wand was either not being used or had no batteries. In short, the shooter had free access to the premises.
 {¶ 31} The majority is correct that a business owner is not the guarantor of the safety of patrons in any given establishment. However, the owner does have a duty to protect its business invitees from foreseeable risks.[4] For example, hockey rink owners owe a duty to protect the spectators from errant pucks; baseball fields need screens directly behind home plate; and amusement parks need to keep their guests away from high-voltage areas. The point is simple. Every "duty" is defined by the "totality" of the circumstances. That is the law in Ohio.
 {¶ 32} In this matter, the evidence presented regarding the prior security measures, including the use of metal detectors and pat-down searches, suggests this club foresaw the exact risk that occurred in this matter, a shooting. The fact that no one had been previously shot at this rough-and-tumble establishment is irrelevant in a summary judgment exercise.
 {¶ 33} Finally, the club may be liable because it undertook additional security measures, which Mack relied on. The Restatement of Torts provides, in part:
 {¶ 34} "`Negligent Performance of Undertaking to Render Services
 {¶ 35} "`One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to [liability to] the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if:
 {¶ 36} "`(a) his failure to exercise such care increases the risk of such harm, or *Page 11 
 {¶ 37} "`(b) the harm is suffered because of the other's reliance upon the undertaking.'"[5]
 {¶ 38} In this matter, the club undertook additional security measures to protect its patrons. Mack, in reliance on those security measures, attended an event at the club under the assumption that he would not be subjected to gunfire. There is evidence that the club failed to exercise reasonable care in its security procedures on the night in question. Further, that failure increased the risk of harm to the patrons and, in fact, resulted in harm to Mack.
 {¶ 39} This matter should be submitted to a jury to determine if the club is ultimately liable for Mack's injuries.
[2] Palsgraf v. Long Island RR. Co. (1928), 248 N.Y. 339, 344, 162 N.E. 99, 100.
[3] Williams v. Prospect Mini Mart, 11th Dist. No. 2002-L-084, 2003-Ohio-2232, ¶ 23.
[4] (Citation omitted.) See Huston v. Konieczny (1990),52 Ohio St.3d 214, 217.
[5] (Emphasis removed.) Meier v. Vistula Heritage Village (1992), 62 Ohio Misc.2d 632, 638, quoting 2 Restatement of the Law 2d, Torts (1965) 135, Section 323. *Page 1