OPINION. *Page 2 
{¶ 1} Plaintiffs-appellants Shannon and Steve Campbell appeal the trial court's entry of summary judgment on their claims for Shannon Campbell's personal injury and Steve Campbell's loss of consortium. The claims were made against defendants-appellees Nathan, Scott, and Karen Sharpe. We affirm.
 Child on Bicycle Causes Injuries {¶ 2} Shannon Campbell was injured when Nathan Sharpe, the six-year-old son of Scott and Karen Sharpe, lost control of his bicycle and ran into her at Colerain Park. The Sharpes had gone to that park often. Nathan was riding his bicycle on the inside of a path and Campbell was on the outside. Nathan had been riding his bicycle there two to three times per week that summer. Scott testified that he had never seen Nathan crash into anyone, and that while Nathan had fallen off his bicycle in the past, he had not done so often. Nathan had been riding this bicycle for two years prior to this accident, and Scott believed that Nathan was able to control it and had not seen Nathan fall at all during that time.
 {¶ 3} The Campbells sued the Sharpes for negligence, and the trial court granted the Sharpes' motion for summary judgment.
 Parental Negligence {¶ 4} In one assignment of error, the Campbells argue that the trial court improperly granted the Sharpes' motion for summary judgment. We disagree.
 {¶ 5} A child under the age of seven is incapable of negligence as a matter of law.[1] At common law, a parent is not ordinarily liable for damages caused by a *Page 3 
child's wrongful conduct.[2] But liability can attach when the injury is the foreseeable consequence of a parent's negligent act.[3] In those circumstances, it is the parent's conduct — not the conduct of the child — that creates liability.[4]
 {¶ 6} Ohio courts recognize three situations in which parental negligence results in liability for the conduct of a child: (1) negligent entrustment of the child with "an instrumentality (such as a gun or car) which, because of the child's immaturity or lack of experience, may become a source of danger to others"; (2) "failure to exercise reasonable control over the child when the parent knows, or should know, that injury to another is a probable consequence"; and (3) consenting, sanctioning, or directing a child's known wrongdoing.[5]
It is the second situation that is at issue in this case.
 {¶ 7} A parent is liable for the negligence of a child when the parent fails to exercise reasonable control over the child and injury to another is a foreseeable consequence.[6] To establish that foreseeability, this court has held that the plaintiff must prove "that specific instances of prior conduct [were] sufficient to put a reasonable person on notice that the act complained of is likely to occur.[7]
 {¶ 8} There is no evidence in this case that Scott Sharpe knew or had reason to know that Nathan was a danger to others on his bicycle. He had not seen him lose control of his bicycle in the past two years, and they had been going to the park at least twice a week without incident. In light of this, we decline to conclude that the *Page 4 
fact that Nathan had fallen from his bicycle years before was enough to put Scott on notice that he posed a danger to others. Such conduct was not "sufficient to put a reasonable person on notice that the act complained of was likely to occur."[8]
 {¶ 9} While the Campbells argue that there is an issue of fact concerning whether Scott was standing either next to Nathan or merely nearby when the incident occurred, neither scenario would change the outcome. Such a distinction — whether Scott should have been closer or whether Scott could have done something to prevent the accident — goes to the issue of breach of duty. Without a showing that Scott knew or should have known that Nathan was a danger to others, there simply was no duty to breach. "Parents of minor children have a duty to exercise reasonable control over their children in order to prevent harm to third persons, when the parents have the ability to control the childand they know, or should know, that injury to another is a probable consequence.[9] The ability to control the child, absent notice of the need to do so, is insufficient.
 {¶ 10} Parents can be strictly liable for the damages caused by their children, but such liability is a creature of statute.[10] This strict liability is in abrogation of the common law, which begins with the proposition that no liability exists. The Ohio Supreme Court has recognized limited exceptions to this general rule — but they remain limited exceptions. Accepting the Campbells' argument that liability should attach because Scott "may have had the ability to control the child and prevent this accident" would result in an expansion of these exceptions to the point that they would become indistinguishable from strict parental liability. *Page 5 
 Conclusion {¶ 11} In this case, the trial court properly granted the Sharpes' motion for summary judgment. Absent a showing of prior incidents sufficient to put Scott Sharpe on notice, Nathan's parents cannot be held liable for Shannon Campbell's injuries.
 {¶ 12} The Campbells' sole assignment of error is overruled, and the trial court's judgment is affirmed.
Judgment affirmed.
HlLDEBRANDT, P.J., concurs.
PAINTER, J., concurs separately.
[1] DeLuca v. Bowden (1975), 42 Ohio St.2d 392, 329 N.E.2d 109.
[2] Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217,556 N.E.2d 505, citing Elms v. Flick (1919), 100 Ohio St. 186, 126 N.E. 66, paragraph four of the syllabus.
[3] Id., citing Kuhns v. Brugger (Pa. 1957), 135 A.2d 395, 404, fn. 14.
[4] See id., citing Bankert v. Threshermen's Mut. Ins. Co. (Wis. 1983),329 N.W.2d 150, 153.
[5] Huston, 52 Ohio St.3d at 217-218, 556 N.E.2d 505.
[6] Id., syllabus.
[7] Nearor v. Davis (1997), 118 Ohio App.3d 806, 813, 694 N.E.2d 120, citing Haefele v. Phillips (Apr. 23, 1991), 10th Dist. No. 90AP-1331; see, also, Coolidge v. Riegle, 3rd Dist. No. 5-02-59, 2004-Ohio-347, ¶ 15;Hau v. Gill (July 14, 1999), 9th Dist No. 98CA007061.
[8] Nearor, 118 Ohio App.3d at 813, 694 N.E.2d 120.
[9] Herzberg v. Am. Natl. Property Cas. Co., 10th Dist. No. 05AP-292, 2005-Ohio-6639, ¶ 15, citing Haefele v. Phillips, supra (emphasis in original).
[10] See, e.g., R.C. 3109.09 (imposing liability on parents for destructive acts or theft by their children); R.C. 3109.10 (imposing liability on parents for assaults by their children).