[Cite as *Witt v. Univ. of Toledo*, 2011-Ohio-5576.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAITLYN WITT,

    Plaintiff,

    v.

UNIVERSITY OF TOLEDO,

    Defendant.

Case No. 2011-05521-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On February 1, 2011, plaintiff, Caitlyn Witt, suffered personal injury when she slipped and fell over snow and ice covered steps at Parks Tower located on the campus of defendant, University of Toledo. Specifically, plaintiff asserted she "fell down stairs that were not cleared of snow and ice and hurt her back." Plaintiff has contended defendant should bear liability for damages she suffered as a proximate result of her slip and fall. Plaintiff filed this complaint seeking to recover $568.37, for her medical treatment expenses, medications, and work loss resulting from the February 1, 2011, personal injury incident. Plaintiff submitted the filing fee.

{¶ 2} Defendant filed an investigation report denying liability in this matter.

{¶ 3} Plaintiff's cause of action is grounded in negligence. In order to prevail on a negligence action, plaintiff must establish: (1) a duty on the part of defendant to protect her from injury; (2) a breach of that duty; and (3) injury proximately resulting from the breach. *Huston v. Konieczny* (1990), 52 Ohio St. 3d 214, 556 N.E. 2d 505; *Jeffers v. Olexo* (1989), 43 Ohio St. 3d 140, 142, 539 N.E. 2d 614; *Thomas v. Parma*

(1993), 88 Ohio App. 3d 523, 527, 624 N.E. 2d 337; *Parsons v. Lawton Co.* (1989), 57 Ohio App. 3d 49, 50, 566 N.E. 2d 698.

**{¶ 4}** Based on plaintiff's status as a student, she is considered an invitee on defendant's premises, defendant university owed her a duty to exercise reasonable care in keeping the premises in a safe condition and warning plaintiff of any latent or concealed dangers which defendant had knowledge. *Perry v. Eastgreen Realty Company* (1978), 53 Ohio St. 2d 51, 52-53, 7 O.O. 3d 130, 372 N.E. 2d 335; *Presley v. Norwood* (1973), 36 Ohio St. 2d 29, 31, 65 O.O. 2d 129, 303 N.E. 2d 81; *Sweet v. Clare-Mar Camp, Inc.* (1987), 38 Ohio App. 3d 6, 9, 526 N.E. 2d 74. However, a property owner is under no duty to protect a business invitee from hazards which are so obvious and apparent that the invitee is reasonably expected to discover and protect against them herself. *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589, at paragraph one of the syllabus; *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St. 3d 45, 18 OBR 267, 480 N.D. 2d 474*.*

**{¶ 5}** Nonetheless, since defendant agreed to assume responsibility for snow and ice removal, the University would bear the duty to exercise ordinary or reasonable care for plaintiff's safety and protection, and this includes having the premises in a reasonably safe condition and warning her of latent or concealed defects or perils which the possessor has or should have knowledge. *Durst v. VanGundy* (1982), 8 Ohio App. 3d 72, 8 OBR 103, 455 N.E.2d 1319; *Wells v. University Hospital* (1985), 86-01392-AD. Although the occupant owes this duty of ordinary care, "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603.

**{¶ 6}** "The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself

may have been." 2 Harper and James, Law of Torts (1956), 1491, as cited in *Sidle v. Humphrey*, at 48. In short, if the condition or circumstances are such that the invitee has knowledge of the condition in advance, there is no negligence. *Debie*.

{¶ 7} "In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. Ordinarily, they would disappear before correction would be practicable. . . To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable . . . to perform." *Norwalk v. Tuttle* (1906), 73 Ohio St. 242, 245, 76 N.E. 617, as quoted in *Sidle*, at 49. Therefore, the danger from ice and snow is an obvious danger and an occupier of the premises should expect that an invitee will discover and realize that danger and protect herself against it. *Sidle*, *Debie*.

{¶ 8} Plaintiff should have realized the steps would have been slippery from a natural accumulation of falling snow and climatic conditions. Consequently, there is no actionable negligence upon which she can recover.

# Court of Claims of Ohio



The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAITLYN WITT,

     Plaintiff,

     v.

UNIVERSITY OF TOLEDO,

     Defendant.

Case No. 2011-05521-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Caitlyn Witt
13770 CR 8-2
Delta, Ohio  43515

Janelle Schaller
Associate General Counsel
University of Toledo
2801 W. Bancroft St. MS 943
Toledo, Ohio  43606

6/21
Filed 7/19/11
Sent to S.C. reporter 10/27/11