BAUER, APPELLANT, *v.* THE PULLMAN CO. ET AL., APPELLEES.
(Two cases.)

[Cite as Bauer v. Pullman Co., 8 Ohio App. 2d 1.]

2

(Nos. 8226 and 8227—Decided September 27, 1966.)

*Mr. Irving I. Saul*, for appellant.
*Messrs. Dunbar, Kienzle & Murphy* and *Mr. David J. Young*, for appellees.

GRAY, J. These causes come to this court on appeals on questions of law from two judgments of the Common Pleas Court of Franklin County. Case No. 8226 is an action for damages for personal injuries. Case No. 8227 is an action by the spouse of the injured person praying for damages for loss of service, loss of consortium and medical expenses.

The two causes were consolidated for trial, and came on to be heard on amended petitions in the trial court. At the conclusion of plaintiff's case in each action, a motion for a directed verdict by each defendant was made. The motions in regard to Pullman, Inc., were sustained, and Pullman, Inc., was dismissed as a party defendant in each action. Plaintiffs concede that these rulings as to Pullman, Inc., were correct. The motions for a directed verdict at that time were overruled as to the other two defendants.

At the conclusion of all the evidence, the trial court, on motion, directed a verdict in favor of the remaining two defendants.

The trial judge in his summation of the case at the time motions for directed verdicts were made at the conclusion of

all the evidence, and in his findings of fact and conclusions of law, stated that his direction of the verdicts in favor of The Pullman Company and The Pennsylvania Railroad Company was made on the grounds that no facts were shown charging such defendants with negligence, and the doctrine of *res ipsa loquitur* was not applicable.

The plaintiffs, feeling aggrieved by this action, filed notices of appeal and assigned as errors the following:

"The Common Pleas Court of Franklin County, Ohio, prejudicially erred in finding as a matter of law: That the broken pin which enabled the coil spring to forcibly eject out from its cylinder was a latent manufacturing defect. That there was no liability on the part of the operating defendants— The Pullman Company and The Pennsylvania Railroad Company. That there was insufficient evidence from which the jury could draw an inference of actual negligence on the part of said defendants; that the doctrine of *res ipsa loquitur* was inapplicable to the case, and in arresting the case from the consideration of the jury and directing a verdict in favor of said defendants, The Pullman Company and The Pennsylvania Railroad Company."

Claire F. Bauer had boarded a Pullman car attached to a Pennsylvania Railroad Company train at St. Louis, Missouri, enroute to Pittsburgh, Pennsylvania, as a fare paying passenger. She had purchased her ticket from The Pennsylvania Railroad Company. On the trip she occupied a roomette which contained a folding type bed among other facilities. As the train neared Columbus, plaintiff, at about 11 p. m., decided to prepare for her departure from the train at Pittsburgh.

She testified to the following facts:

She attempted to close the bed. As she was doing so she heard a report like a gun shot. She felt a blow on her head. She felt her head with her hand. When she looked at her hand there was grease on it. She discovered a spring lying on the bed. It was about a yard long, about an inch in diameter, weighed several pounds. She looked at the ceiling of the roomette and saw black marks and a gouge mark there. She had been hit on the head by the spring which had ricocheted from the ceiling. She reported the incident to the porter and the train conductor. She felt stunned and dazed. When she ar-

rived in Pittsburgh, she had a headache, was nauseated, vomited and had a restless night. There was a soreness on the top of her head. The next morning she noticed she had blurred vision. Her hearing was affected, which later necessitated the use of a hearing aid.

One of the serious conditions complained of by plaintiff Claire F. Bauer was alleged to be a detached retina of the right eye, for which condition she underwent surgery for the correction thereof.

Upon investigation by railroad officials, it was learned that a metal pin which secured a cap over the spring was broken. The pin was inside a cylinder which encased the spring. When the pin broke it permitted the spring to eject from the casing.

The bed was so constructed that it could be operated by the passenger, and was so intended to be operated. She testified that she had traveled for fifteen years on trains, using roomettes thereon, and was well acquainted with the operation of the mechanism of such beds. There is no evidence in the record showing that the bed was not operated by plaintiff Claire F. Bauer as it was intended to be operated.

Plaintiffs in their amended petitions allege various grounds of negligence and in their briefs contend that there was an inference of actual negligence and that the doctrine of *res ipsa loquitur* is applicable and the matter should have been left for the consideration of the jury.

Defendants The Pullman Company and The Pennsylvania Railroad Company contend that there was no evidence of negligence on the part of either and that the doctrine of *res ipsa loquitur* is not applicable.

Defendants contend further that neither the carrier nor the sleeping car company was liable for the injuries and that, if there was any liability it was caused by a latent defect not discoverable by either The Pennsylvania Railroad Company or The Pullman Company, but that American Car and Foundry Co., Inc., the manufacturer of the car and the facilities therein, was liable on the theory that it was the manufacturer of equipment with a latent defect. In this connection it should be noted that this Pullman car had been in almost daily use for the last twelve years. It also should be noted in passing that the statute

of limitations has long since run against any claim against American Car and Foundry Co., Inc.

Defendants maintain that the doctrine of *res ipsa loquitur* is not applicable, as plaintiffs did not prove that the instrumentality was in the exclusive control of one defendant, and that, since plaintiffs allege the injury was proximately caused by the *independent* acts of the two defendants, the doctrine cannot be applied to either one.

In ruling upon a motion for a directed verdict, the trial judge must construe the evidence most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support such party's side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. *Durham* v. *Warner Elevator Mfg. Co.*, 166 Ohio St. 31; *Botto* v. *Fischesser*, 174 Ohio St. 322. We think that there was substantial evidence to support plaintiffs' side of the case.

We believe that some of the contentions of defendants can readily be disposed of by the holdings of a case decided by the Supreme Court of Ohio in 1882.

The two paragraphs of the syllabus in *Railroad Co.* v. *Walrath*, 38 Ohio St. 461, are as follows:

''1. A passenger, by train of a railroad company, traveling in the coach of a sleeping-car company, may properly assume, in the absence of notice to the contrary, that the whole train is under one management; and in such case, where he sustains injury by the negligence of one in the employ of the sleeping-car company, he may maintain an action against the railroad company. What the effect of such notice would be is not determined.

''2. On proof of injury sustained by a passenger on a railroad train, by the fall of a berth in a sleeping-car, and that the passenger was without fault, a presumption arises, in the absence of other proof, that the railroad company is liable. *Railroad Co.* v. *Mowery*, 36 Ohio St. 418, followed.''

Since the defendant The Pennsylvania Railroad Company had sold plaintiff Claire F. Bauer a ticket and accepted her as a passenger, its duty was that of common carrier. If the railroad company was liable to both plaintiffs because of this relationship, such fact would not relieve The Pullman Company

from any duty it may have assumed or have been charged with by reason of its joining the railroad in the carriage of Claire F. Bauer. We think that this was a *joint* enterprise due to the fact that plaintiff Claire F. Bauer was required to buy Pullman transportation and also transportation from The Pennsylvania Railroad Company, and, while she bought the ticket from The Pennsylvania Railroad Company, and the proceeds thereof were divided between the two defendants, it is clear, in the nature of things, that, if the railroad company imposed, and The Pullman Company undertook, to perform any duty which contributed to the safety of Claire F. Bauer while in transit, she was entitled to the performance thereof by The Pullman Company; and, if the latter failed to perform that duty, it was, to that extent, guilty of negligence, which is but lack of due care under the circumstances of this particular case.

We believe that the doctrine of *res ipsa loquitur* is applicable in the present case, as the two remaining defendants are properly charged as joint tort feasors. They had a joint arrangement between themselves for the operation of the Pullman car, and they had collective control of the instrumentality that caused the injury.

We believe that the evidence established the physical cause of the injury, thereby excluding any inference of negligence as to other possible physical causes, but it still leaves room for the inference to operate to impute negligence to the defendants as to why this event, *i. e.*, the physical cause, occurred.

In view of the foregoing and in the light of *Glowacki* v. *North Western Ohio Ry. & Power Co.*, 116 Ohio St. 451, 53 A. L. R. 1486, we believe the trial court was in error in directing a verdict in favor of defendants The Pullman Company and The Pennsylvania Railroad Company. In *Glowacki*, the court said, in the first and third paragraphs of the syllabus:

"1. The rule of *res ipsa loquitur* is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the

jury, but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts."

"3. The weight of the inference as well as the weight of the explanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts."

See, also, *Hurt* v. *Charles J. Rogers Transportation Co.,* 164 Ohio St. 329; *Fink* v. *New York Central Rd. Co.,* 144 Ohio St. 1; and *Scovanner* v. *Toelke,* 119 Ohio St. 256.

Again, the Supreme Court, in *Weller, Exrx.,* v. *Worstall,* 129 Ohio St. 596, at p. 603, said (through Zimmerman, J.):

"Even where a defendant in a '*res ipsa* case' introduces evidence which if accepted by the jury would exonerate him from blame, the inference of negligence permitted by plaintiff's proof is not thereby destroyed so as to necessitate a finding of the absence of negligence as a matter of law or to require a directed verdict for defendant. * * *."

Since the inference as well as the weight of the explanation offered to meet the inference are for the determination of the jury, and the trial court having taken that matter from the consideration of the jury, the trial court committed prejudicial error in such respect, which error requires a reversal of the judgment of the lower court.

*Judgment reversed.*

BROWN, P. J., and CARLISLE, J., concur.

BROWN, P. J., CARLISLE and GRAY, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.