WATKINS ET AL. *v.* S. C. JOHNSON & SONS, INC. ET AL.

(No. 82-CV-0837—Decided February 7, 1984.)

Court of Common Pleas of Clermont County.

*Mr. Richard Ferenc,* for plaintiffs.
*Mr. Gary Ostendarp,* for defendants.

RINGLAND, J. A complaint and jury demand was filed by plaintiffs, Shirley and William Watkins, on September 10, 1982. The answer of defendant S. C. Johnson & Sons, Inc. was filed on November 5, 1982. The answer of defendant Walgreen Company was filed on November 5, 1982. On November 15, 1983, defendants filed their motion for summary judgment.

Under Civ. R. 56, a summary judgment is appropriately granted where there is no genuine issue of material fact, where the movant is entitled to judgment as a matter of law and where reasonable minds could come to but one conclusion, that being adverse to the party opposing the motion. *North* v. *Penna. Rd. Co.* (1967), 9 Ohio St. 2d 169 [38 O.O.2d 410]; 4 Anderson's Ohio Civil Practice (1973) 433, Section 154.01. The affidavit accompanying defendants' motion, sworn by Thomas Secanky, Technology Specialist with S. C. Johnson & Sons, Inc., indicates that the puncture hole which caused the contents to be released forcefully from the aerosol container, thus causing injury to plaintiff, could not have existed at the time the can left the control of S. C. Johnson & Sons, Inc. or at the time of its sale by the Walgreen Company because "the release of the contents of the can under pressure *must* occur simultaneously with the can's puncture." (Emphasis added.) The affiant indicated that the puncture of the can which caused the release of the contents necessarily occurred when the can was under control of the user, Shirley Watkins.

On the other hand, Shirley Watkins indicated in her affidavit that she did not tamper with the aerosol container or cause anyone to tamper with it in any manner, and that she used the can in an ordinary manner. Her deposition indicated that she has no idea what caused the puncture hole or the dent in the container, which caused the release of the can's contents. Even construing the evidence most favorably to plaintiff, as plaintiff is entitled, the court concludes that reasonable minds could come only to the conclusion that the puncture of the can which caused injury to plaintiff occurred while the can was under control of plaintiff and that neither S. C. Johnson & Sons, Inc. nor Walgreen Company is negligent for failure to exercise ordinary care in the design, manufacture or marketing of the container, or for a failure to inspect the product, nor are they strictly liable for selling the product in a defective condition, nor have they breached any warranty, express or implied, as to the

safety, suitability or fitness for use of the product.

Plaintiffs in their memorandum in opposition to defendants' motion, assert that the doctrine of *res ipsa loquitur* is applicable in this case as a permissive evidentiary inference of negligence on the part of defendants. Plaintiffs rely upon *Shields* v. *King* (1973), 40 Ohio App. 2d 77 [69 O.O.2d 57], for the proposition that the doctrine is properly applied in a case such as this to establish the negligence of two defendants.

However, plaintiffs' reliance upon *Shields* is misplaced as to allowing the *res ipsa loquitur* inference in a case as the instant matter. In *Shields* the court determined that the doctrine of *res ipsa loquitur* is applicable to two or more defendants who as a result of concerted actions were in collective and concurrent control of the only instrumentalities or instrumentality which caused the injury. Ohio treatises indicate that if from the nature of the injury-causing event, an inquiry naturally arises as to which of two or more persons acting independently is responsible, the doctrine of *res ipsa loquitur* does not apply. 39 Ohio Jurisprudence 2d (1959) 750, Negligence, Section 157 (citing *Loomis* v. *Toledo R. & L. Co.* [1923], 107 Ohio St. 161; *Glowacki* v. *N.W. Ohio Ry. & P. Co.* [1927], 116 Ohio St. 451). The doctrine is applicable where there is a joint arrangement resulting in collective control of the instrumentality. *Id.* at 81 (1983 Supp.), Section 157 (citing *Bauer* v. *Pullman Co.* [1966], 8 Ohio App. 2d 1 [37 O.O.2d 1]).

In the instant matter there has been no allegation that the defendants had collective and concurrent control of the instrumentality (aerosol can) up to the point of its being sold by the retailer, Walgreen, to plaintiff's employer, the Eastgate Mall. Additionally, insofar as Shirley Watkins' deposition indicates that she had no knowledge if the can had been used by anyone else prior to her using it, plaintiff has not alleged and demonstrated that the container "was not and could not have been mishandled or tampered with between the time it left the custody, possession, control and management of defendant and the time of the accident which caused the injury." *Huggins* v. *John Morrell & Co.* (1964), 176 Ohio St. 171 [27 O.O.2d 50] (followed in *Ramsey* v. *Del Monte Corp.* [1983], 9 Ohio App. 3d 103). Thus, the inference of *res ipsa loquitur* is not available to plaintiffs as against the defendants' motion for summary judgment as establishing the existence of a genuine issue of a material fact remaining for trial.

The defendants' motion for summary judgment is well-taken and granted.

*Motion for summary judgment granted.*