GOLEC et al., Appellants,

v.

FAIRVIEW GENERAL HOSPITAL et al., Appellees.

[Cite as *Golec v. Fairview Gen. Hosp.* (2000), 139 Ohio App.3d 788.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76477.

Decided Sept. 11, 2000.

*Scanlon & Gearinger Co., L.P.A., Kevin P. Hardman* and *Melinda E. Smith,* for appellants.

*Moscarino & Treu, L.L.P., Kris H. Treu, Susan R. Massey* and *Edward S. Jerse,* for appellees Fairview General Hospital and Stephen G. Remine.

*Reminger & Reminger Co., L.P.A., Patti Jo Malnar* and *Brian D. Sullivan,* for appellees William Veber and Westgate Medical Anesthesia Group, Inc.

Michael J. Corrigan, Judge.

Plaintiff-appellants herein, Leslie and Dianne Golec, appeal from the trial court's grant of summary judgment in favor of defendant-appellees Fairview General Hospital, Stephen G. Remine, M.D., Westgate Medical Anesthesia Group, Inc., and William Veber, M.D. For the reasons adduced below, we affirm the judgment of the trial court.

Appellant Leslie Golec ("appellant" ) underwent a sigmoid colon resection for cancer of the colon on April 25, 1995 at Fairview General Hospital. The surgeon who performed the surgery was appellee Dr. Remine. The attending anesthesiologist during the surgery was Dr. Veber, who at all times relevant was a partner with Westgate Medical Anesthesia Group. Although the surgery was successful in regard to the resectioning of appellant's colon, appellant began to experience numbness in his left little finger and ·ring finger shortly after surgery. Dr. Remine referred appellant to a neurologist, who diagnosed ulnar nerve injury.

Appellants initially filed a complaint against the appellees on October 22, 1996. Appellants dismissed that case without prejudice on April 23, 1997 after failing to obtain an expert report alleging negligence on the part of the appellees within the time guidelines established by the trial court. On April 7, 1998, appellants refiled the complaint. Specifically, the complaint alleged that "[d]efendants failed to exercise that degree of care which reasonably prudent specialists in the field of nursing, anesthesiology, and general surgery would have exercised under the same or similar circumstances." Appellant's theory of recovery was that his condition was caused by his left arm being improperly positioned or by pressure being applied to the left arm during surgery, thereby causing damage to the ulnar nerve.

After the parties were given the opportunity to conduct discovery, appellees each filed motions for summary judgment on March 1, 1999. The first motion for summary judgment was filed on behalf of appellees Dr. Veber and Westgate Medical Anesthesia Group. The other motion for summary judgment was filed on behalf of Dr. Remine and Fairview General Hospital.

Summary judgment was entered by the trial court in favor of Dr. Veber and Westgate Medical Anesthesia Group on March 29, 1999. The court's judgment entry states:

"Defendants' Westgate Medical Group and Dr. William Veber's summary judgment motions are granted and the case is dismissed with prejudice. Plaintiff's res ipsa loquitur theory cannot withstand summary judgment as the plaintiffs do not have a qualified witness to give the support necessary to prove the defendant doctor's actions were outside the appropriate standard of care and

the plaintiff himself was not awake & was unaware of what actually happened during the surgery."

On April 22, 1999, the trial court granted the motion for summary judgment of Dr. Remine and Fairview General Hospital without comment. Both motions for summary judgment were based on appellant's alleged failure to procure an appropriate expert and the inapplicability of the doctrine of *res ipsa loquitur* to the facts of this case. Appellants have timely appealed from the ruling of the trial court and present a single assignment of error for this court's review in the instant appeal. The sole assignment of error states:

"I. The trial court erred in granting the separate motions for summary judgment of the appellees, Westgate Medical Anesthesia Group, Inc./William Veber, M.D. and Fairview General Hospital/Stephen Remine, M.D. (orders March 29, 1999 and April 22, 1999)."

Civ.R. 56 provides that summary judgment may be granted only after the trial court determines that (1) no genuine issues as to any material fact remain to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2–3, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138, 140.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264, 275, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Id.*, 75 Ohio St.3d at 296, 662 N.E.2d at 276. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id.* at 293, 662 N.E.2d at 274. The

nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. *Id.*

▮ This court reviews the lower court's granting of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "[T]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24, 26; *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1144.

▮ It is elementary that to establish a cause of action in negligence, plaintiff must show (1) a duty on the part of defendant to protect the plaintiff from injury, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 217, 556 N.E.2d 505, 508–509; *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; *Thomas v. Parma* (1993), 88 Ohio App.3d 523, 527, 624 N.E.2d 337, 339.

▮ In order to be entitled to benefit under the doctrine of *res ipsa loquitur*, a plaintiff must demonstrate the following:

"1. [T]hat the instrumentality causing the injury was, at the time of the injury or at the time of the creation of the condition causing the injury, under the exclusive control of the defendant; and

"2. [T]hat the injury occurred under such circumstances that in the ordinary course of events, it would not have occurred if ordinary care had been observed." *Deskins v. Jaramillo* (Oct. 8, 1998), Cuyahoga App. No. 72824, unreported, 1998 WL 702986, at *4.

In *Johnson v. Hammond* (1988), 47 Ohio App.3d 125, 127–128, 547 N.E.2d 1004, 1006, this court held that the doctrine of *res ipsa loquitur* does not relieve a plaintiff of his burden of presenting expert medical testimony on the requisite standard of skill and care:

"The plaintiffs must present evidence to show that the injury would not have occurred in the ordinary course of events if ordinary care had been observed before an instruction on res ipsa loquitur would be justified. This showing necessarily requires expert evidence * * *."

▮ Similarly, in this case, the appellant had the burden of offering expert evidence on the ordinary procedures used in positioning a patient's arm during surgery in order to administer anesthesia.

Rather than submitting the expert testimony of an anesthesiologist or a general surgeon on the issue of the relevant standard of care and skill, appellant obtained an expert report from a neurologist, who while undoubtedly qualified to diagnose an ulnar nerve injury, admitted that he lacked the expertise to make a statement or render an opinion about the several responsibilities of persons participating in a surgical operation. Thus, the expert was unable to render an opinion as to the ordinary procedure that should have been used during an operation of this nature and whether one or more of the appellees in the instant case deviated from that standard procedure.

Evid.R. 702 states:

"A witness may testify as an expert if all of the following apply:

"(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

"(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

"(C) The witness' testimony is based on reliable scientific, technical, or other specialized information."

Thus, pursuant to this rule, "a witness may testify as an expert if the following three conditions are met: (1) he or she is qualified as an expert by virtue of specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; (2) the testimony relates to matters beyond the knowledge or experience of lay persons or dispels a common misconception among lay persons; and (3) the testimony is based upon reliable scientific, technical, or other specialized information." *Nichols v. Hanzel* (1996), 110 Ohio App.3d 591, 597, 674 N.E.2d 1237, 1241.

Appellant's expert neurologist in this case admittedly had no training or experience in the field of anesthesia or general surgery. Although he stated that appellant's injury would not have occurred in the absence of negligence in the ordinary course of events, he was unable to evaluate or criticize the standard of care administered by Dr. Veber, Dr. Remine, or the assisting nurses. Therefore, he was precluded from offering an expert opinion as to whether Dr. Veber's or Dr. Remine's performance during appellant's surgery met the applicable standard of care.

Appellant admits in his brief filed with this court that the method used to stabilize and pad his arm during the operation as testified to by Dr. Veber during his deposition would satisfy the standard of care with respect to the padding of the patient's elbows to reduce the risk of ulnar nerve injury. The appellant does

not then outline any evidence that the procedures actually utilized by Dr. Veber were in any manner inconsistent with his sworn testimony or the pertinent surgical records. Rather, appellant offers the following conjecture:

"The appellant was asleep during the surgery. It is impossible for him to know in what manner, if any, his arms and elbows were padded. However, after the surgery was completed, the appellant began noticing changes in his left arm only. Testing has revealed that the patient had neurological changes consistent with ulnar neuropathy."

Appellant in effect concedes that the only evidence in the record establishes that the procedures utilized by Dr. Veber complied with the appropriate standard of care. Where there is no deviation from the applicable standard of care, there can be no finding of negligence. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673.

In support of their motion for summary judgment, Dr. Veber and Westgate Medical Anesthesia Group provided the affidavit of Dr. David Rapkin, a board certified anesthesiologist, who stated:

"Based upon my review of the above captioned matter, I believe within a reasonable degree of medical certainty that Dr. Veber complied with the appropriate standard of care in the manner in which he cared for the plaintiff, Leslie Golec.

"I believe that within a reasonable degree of medical certainty, the employees of Fairview General Hospital complied with the appropriate standard of care in the manner in which they treated the plaintiff, Leslie Golec.

"Based upon my review of the records, it is my opinion that the injuries that Mr. Golec complains of can in fact occur in the absence of medical negligence."

Dr. Rapkin also stated in his expert report that his review of appellant's medical history indicated that one of the appellant's treating neurosurgeons had noted that appellant had a shallow groove around his left elbow—causing the ulnar nerve to be unusually prominent—and that this condition may have placed appellant at greater risk of developing ulnar neuropathy.

Thus, appellees have offered evidence from a qualified expert stating that the positioning of appellant's arm during surgery was not done in a negligent manner and that appellant's resultant condition can and does occur in the absence of negligence.

The trial court correctly held that the doctrine of *res ipsa loquitur* was not applicable to the instant case because appellant offered no acceptable expert evidence that the injury complained of would not have occurred in the absence of negligence.

Accordingly, the trial court's entry of summary judgment in favor of all of the appellees is affirmed.

*Judgment affirmed.*

KARPINSKI, P.J., and SPELLACY, J., concur.