DECISION
John C. Tallman, plaintiff-appellant, appeals a decision of the Franklin County Municipal Court. The trial court granted a motion for a directed verdict pursuant to Civ.R. 50(E) in favor of defendants-appellees, Charles Branham and Haas Furniture, Inc.
On June 7, 1999, appellant was involved in a traffic accident when his 1989 Buick Riviera spun out of control on Interstate 670 in downtown Columbus, Ohio. Appellant testified during the trial as follows:
 * * * I was eastbound on 670 behind the Haas Furniture truck at the time which was at Neil and Goodale. I followed this truck up the ramp onto 670 trying to link to [Interstate] 70, and at the point of the curve there was fluid flying all over the road and on my car. I didn't have much time to react.
 I went across two lanes. I ran into a concrete median on the right-hand side. I crossed back across the three lanes and hit a concrete support pole that was holding up Interstate 71.
The furniture truck was owned and operated by Haas Furniture, Inc. Officer David Weisgerber, an officer with the Columbus Police Department, stated in the accident report that he saw the furniture truck "off to the right side of the road broken down with a large puddle of liquid underneath the truck." Charles Branham, a delivery man and driver with Haas Furniture, was driving the truck at the time of the accident. Branham testified he stopped the truck because the temperature gage indicated the engine was heating up. Branham also testified after he stopped the truck, he removed the radiator cap, causing radiator fluid to spill onto the pavement. When asked whether he knew if the truck was leaking radiator fluid prior to the radiator cap being removed, Branham answered, "[n]o."
On July 14, 1999, appellant filed a complaint against appellees alleging they were "negligent and said negligence was the sole and proximate cause" of his automobile accident. Appellant theorized the truck was the source of the liquid that caused his car to hydroplane, thus causing the accident. Appellant requested damages in the amount of $14,999.99. A trial was held before a jury in November 2000. At the conclusion of the presentation of evidence from both parties, appellees made an oral motion for a directed verdict pursuant to Civ.R. 50(A). Appellees' counsel argued that as "a matter of law, this case must be directed out because [appellant] has failed to meet the necessary elements of a claim for negligence." The trial court sustained the motion stating there "is no evidence the truck ever spewed anything on the road prior to the radiator cap being removed from the radiator." Appellant appeals this decision and presents the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR A DIRECTED VERDICT PURSUANT TO CIV.R. 50(A)(4).
Appellant argues that sufficient evidence was presented to allow the case to be submitted to the jury and that the jury could have found appellees responsible for the automobile accident.
A directed verdict may be granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *." Civ.R. 50(A)(4). A directed verdict must be denied when substantial, competent evidence has been presented from which reasonable minds could draw different conclusions. Kroh v. Continental Gen. Tire, Inc. (2001),92 Ohio St.3d 30, 31. "A motion for directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury." Seagle v. Scherzer (May 3, 2001), Franklin App. No. 00AP-1048, unreported. Appellate review of a trial court's decision to grant a motion for a directed verdict is de novo. Abbott v. Jarrett Reclamation Serv., Inc. (1999), 132 Ohio App.3d 729, 738.
The elements of a negligence claim are: (1) the existence of a duty; (2) breach of that duty by the defendant, (3) proximate cause between the breach and some damage to the plaintiff; and (4) damage to the plaintiff. Miller v. Superior Electric Co. (Sept. 28, 2000), Franklin App. No. 00AP-53, unreported. "All of the elements of negligence must be demonstrated for a plaintiff to recover under a theory of negligence." Whiting v. Ohio Dept. of Mental Health (Mar. 29, 2001), Franklin App. No. 00AP-1062, unreported, following Osler v. Lorain (1986),28 Ohio St.3d 345, 347. For example, "[n]egligence is without legal consequence unless it is a proximate cause of an injury." Westfield Ins. Co. v. HULS Am., Inc. (1998), 128 Ohio App.3d 270, 286. "Ohio common law has long required a plaintiff to prove that a particular defendant caused his or her injury through negligence." Sutowski v. Eli Lilly Co. (1998), 82 Ohio St.3d 347, 350. In order to prove proximate cause, the injury must be the natural and probable result of the negligent act or omission. Simmerer v. Dabbas (2000), 89 Ohio St.3d 586,589.
In the present case, no evidence was presented to show appellees' actions were the proximate cause of appellant's injuries. The evidence does not support a finding that the truck was the source of the liquid appellant observed on his windshield. A review of the trial transcript, in a light most favorable to appellant, establishes the following facts: (1) Branham was driving a truck owned by Haas Furniture, Inc., approximately two car lengths in front of appellant when a fluid "hit" appellant's car, causing it to hydroplane and appellant to lose control of the car; (2) appellant testified that the fluid was clear; (3) the truck was observed on the side of the road near the accident with a pool of liquid underneath it; and (4) the truck's radiator coolant was green. Additionally, appellant testified as follows:
Q. [D]id you actually see fluid coming off that truck?
A. No, actually, I saw it on my windshield.
Q. So you never saw anything coming off that truck?
A. Not specifically, no.
 Q. Did you ever see anything on the road in front of you?
A. No, I did not.
 Q. Okay. So the only thing that you saw was something on your — something splattering on your windshield?
A. That's correct.
* * *
Q. But you never saw anything coming off the truck?
A. No, I did not.
Q. You never saw anything dripping off that truck?
A. Again, no, I did not.
 Q. For the entire mile that you followed that truck up until the point of the accident, you never saw a drop of fluid come off the back of that truck, did you?
A. I can't be certain of that, no.
 Q. The only thing you know is that something splattered on your windshield?
A. Uh-huh.
Q. And then you hydroplaned?
A. That's correct.
 Q. Did you see anything on the road that caused you to hydroplane?
A. No.
This evidence is not sufficient to create a causal link between appellees' actions and appellant's injuries. While the evidence could establish appellant was injured after his car hydroplaned and spun out of control, it does not establish that the truck was the source of the clear liquid, which allegedly caused the accident. Without some evidence of the truck leaving a clear liquid on the highway at the point of appellant's accident, any causal link between appellees' actions and appellant's accident is mere speculation and is unsupported by the record.
Appellant argues, in the alternative, the doctrine of res ipsa loquitur should be applied to the present case. "The doctrine of res ipsa loquitur permits a plaintiff in a negligence action to prove, through the use of circumstantial evidence, that the defendant was negligent." Degen v. Mann (May 17, 2001), Ross App. No. 00CA2575, unreported. In order to be entitled to use the doctrine of res ipsa loquitur, a plaintiff must demonstrate that: (1) the instrumentality causing the injury was, at the time of the injury or at the time of the creation of the condition causing the injury, under the exclusive control of the defendant; and (2) the injury occurred under such circumstances that in the ordinary course of events, it would not have occurred if ordinary care had been observed. Golec v. Fairview Gen. Hosp. (2000), 139 Ohio App.3d 788,792.
In the present case, the instrumentality alleged to have caused the accident was the clear liquid on the surface of the road. Appellant did not provide evidence at the time of the creation of the condition causing the injury that (the clear liquid appearing on the highway) appellees had exclusive control over the highway. An example of how res ipsa loquitur could apply in a situation similar to the present case would be if: (1) the road was dry prior to the truck entering the highway; (2) the highway was wet after the truck entered the highway; and (3) between those instances, appellees had exclusive control over the highway. However, it would be unreasonable to assume appellees were the only legitimate source of the liquid on a downtown interstate freeway at 11:00 a.m. on a weekday. Therefore, we find that res ipsa loquitur does not apply to the present case.
Accordingly, we find that the trial court did not err when it granted appellees' motion for a directed verdict pursuant to Civ.R. 50(A). Appellant failed to present sufficient evidence to establish a causal link between appellees' actions and appellant's injuries. Since appellant failed to produce sufficient evidence to prove the proximate cause element of negligence, it is unnecessary for us to determine whether R.C. 4513.31(A) and/or 4513.02(A) created a duty upon appellees toward appellant. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
 _____________________ BROWN, J.
LAZARUS and KENNEDY, JJ., concur.