JOURNAL ENTRY AND OPINION
James Brown and members of his family appeal from a decision of the common pleas court granting summary judgment to the East Ohio Gas Company and to William Criswell in connection with their negligence and nuisance claims arising from the explosion of Criswell's home, which resulted in severe damage to the Browns' home and its ultimate demolition. On appeal, the Browns only contest the court's ruling regarding their claims of negligence against Criswell and East Ohio Gas. They have not appealed their claims of nuisance. They assert that under the doctrine of res ipsaloquitur, they are entitled to recover against Criswell and East Ohio Gas, and urge this as a basis for trial court error in granting summary judgment against them. Having reviewed the record before us and the law, we have concluded that the court properly granted summary judgment in this case, and we therefore affirm that decision.
The history of the case shows that, on July 17, 1995, the two and one-half story frame home of William Criswell, located at 4541 Bader Avenue in Cleveland, exploded; this explosion caused the exterior walls to fall outward and the floors to pancake onto each other. Criswell, alone in the house at the time of the explosion, suffered second and third degree burns to 95% of his body and a fractured ankle, but he survived.
The explosion further displaced the exterior west wall of the adjacent home of the Browns, located at 4537 Bader Avenue. This damage could not be repaired, and as a result, the City of Cleveland Building Department ordered the Browns' home demolished. In addition, members of the Brown family also sustained injuries.
Investigators from the Cleveland Fire Department, the Federal Bureau of Alcohol, Tobacco and Firearms, as well as a private investigative agency, the UBA Fire Explosion Investigators, could not determine the cause of the explosion nor directly attribute it to any act of either Criswell or the East Ohio Gas Company.
On January 22, 1997, the Browns filed a complaint against the East Ohio Gas Company, William Criswell, Metropolitan Property and Casualty Insurance Company, the City of Cleveland, and the Northeast Ohio Regional Sewer District. On July 17, 1997, they filed a second complaint against the East Ohio Gas Company, William Criswell and several John Doe defendants; however, the docket there reflects failure of service on Criswell. Thereafter, the court consolidated these cases. Subsequently, the Browns voluntarily dismissed both the East Ohio Gas Company and Criswell from these consolidated cases.
On January 13, 2000, they re-filed their complaint against the East Ohio Gas Company asserting claims of negligence and nuisance; on February 15, 2000, East Ohio Gas filed a third-party complaint against Criswell, and on April 6, 2000, the Browns filed a supplemental complaint, pursuant to Civ.R. 14(A), adding their own negligence and nuisance claims against Criswell to this case.
Thereafter, Criswell moved for judgment on the pleadings, asserting that the two dismissal rule contained in Civ.R. 41(A)(1) barred the third complaint because the Browns had voluntarily dismissed their claims against him in Case Numbers 325197 and 337565, and therefore could not prosecute Case Number 400043 against him. The court never ruled on this motion.
On October 30, 2000, Criswell and East Ohio Gas filed their respective motions for summary judgment, both arguing in part that the Browns failed to submit sufficient expert evidence to establish the elements of their negligence and nuisance claims.
During the previously filed consolidated cases, the Browns submitted the report of their lone expert, Douglas C. Buchan. In that report, Buchan opined, Natural Gas is the only fuel source that has been identified which could have caused this type of damage. However, Criswell and East Ohio Gas, in their summary judgment motions, argued that Buchan failed to offer an opinion to a reasonable degree of certainty as to the cause of the explosion, and also failed to identify any negligent act on the part of Criswell or East Ohio Gas, or otherwise explain how the explosion occurred.
In their opposition to summary judgment, the Browns cited the report of Lieutenant Cummings of the City of Cleveland's Fire Investigation Unit, wherein Cummings determined, "* * * [T]his fire shall be classified as a Natural Gas Explosion * * *." This report also suggested that Criswell may have intentionally caused the explosion in an apparent suicide attempt.
On December 5, 2000, the trial court granted summary judgment to both East Ohio Gas and Criswell. The Browns now appeal from that decision, raising two assignments of error for our review. They state:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANT WILLIAM CRISWELL'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANT EAST OHIO GAS COMPANY'S MOTION FOR SUMMARY JUDGMENT.
On appeal, because the Browns do not expressly challenge summary disposition of their nuisance claims, and instead focus in their brief on their negligence claims, under App.R. 12(A), we are not required to consider the nuisance claims. See Chemical Bank of New York v. Newman
(1990), 52 Ohio St.3d 204, 207, citing Toledo's Great Eastern ShoppersCity, Inc. v. Abde's Black Angus Steak House No. III, Inc. (1986),24 Ohio St.3d 198, 202-203. Simply stated, the Browns have waived review concerning their nuisance claims against East Ohio Gas and Criswell by not addressing them in their appellate brief.
Further, at oral arguments before our court in this case, appellate counsel representing the Browns admitted that East Ohio Gas only controlled the gas delivery system to the meter, and not beyond. Our review of the case authority, however, suggests that the responsibility of the utility company terminates when its gas is safely delivered to the curb of the consumer's property. Donoughe v. East Ohio Gas Co. (1950),89 Ohio App. 411, 421. Counsel further conceded that the Browns could not establish the exclusivity element of their res ipsa loquitur negligence claim against the gas company. Therefore, the Browns' assignment of error challenging summary judgment in favor of East Ohio Gas is not well taken and is overruled.
The Browns, however, point to the circumstantial evidence case against Criswell, and urge that their negligence claim against him should have survived summary judgment at least under the theory of res ipsaloquitur. Criswell, on the other hand, contends that they failed to present expert evidence to support their negligence claims, pointing out that they merely presented inferences upon inferences, and he urges that they failed to present any direct evidence of his culpability.
In Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, the court set forth the following standard for summary judgment under Civ.R. 56(C):
 Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The nonmoving party cannot rest on mere allegations or denials in the pleadings, but instead must set forth "specific facts" on each element of his or her cause of action. SeeCasbohm v. MetroHealth Med. Ctr. (2000), 140 Ohio App.3d 60, 62, citingDresher, at 293.
Regarding their negligence claim against Criswell, the Browns admit in their appellate brief that, because of his silence, they have no direct evidence of negligence on the part of Criswell; instead they urge that they had presented sufficient circumstantial evidence to proceed to a jury under the rule of res ipsa loquitur. Res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff. Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66. As the court stated in Hake:
 To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions:
 (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and
 (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.
 Our court has held that the doctrine of res ipsa loquitur does notrelieve a plaintiff of his burden of presenting expert testimony onmatters beyond the knowledge or experience possessed by lay persons.Golec v. Fairview Gen. Hosp. (2000), 139 Ohio App.3d 788, 793, citingJohnson v. Hammond (1988), 47 Ohio App.3d 125, 127.
In their opposition to summary judgment, the Browns mainly rely on the details of Criswell's personal life, the report from Lieutenant Cummings, and the report of their expert, Douglas C. Buchan.
In their appellate brief, the Browns admit that Buchan's opinion as to a breach of the standard of care was somewhat conclusory. Although Buchan concluded that natural gas is the only fuel source that could have caused this type of damage and listed several regulations and industrial standards that pertained to East Ohio Gas, he did not explain how Criswell violated these standards, but instead baldly concludes that:
 In conclusion, it is my opinion to a reasonable degree of certainty that: each one of the defendants, City of Cleveland, East Ohio Gas and William Criswell violated the above discussed standards and caused and/or contributed to the subject explosion of July 17, 1995.
In the last sentence of his report, Buchan recognized a need to supplement this report after the completion of discovery. Nevertheless, and despite being given ample opportunity by the trial court to supplement this report, the Browns failed to present additional expert evidence in their opposition to summary judgment.
However, the Browns urge that negligence must be inferred on somebody's part, and that because Criswell asserted his Fifth Amendment rights instead of explaining what had occurred, the doctrine of res ipsaloquitur should be used to infer his negligence.
Essentially, the Browns urge that because Criswell had been in the house when it exploded, because he had inquired in the weeks before the explosion about suicide, because he asked a friend about the combination of natural gas and oxygen, because the investigators found an empty oxygen tank in the rubble of his house, and because the Cleveland Fire Investigation report and their expert believed it to have been a natural gas explosion, Criswell must have caused the explosion.
It appears as though, at the time of the explosion, the furnace had been turned off, the windows closed, and the stove and washing machine were unplugged, but no evidence exists as to what actually occurred. Criswell has stated in deposition testimony that he does not remember what occurred, but some evidence suggests that, as he lay in his hospital bed, when asked by his father if he knew what happened, he nodded affirmatively.
The Browns attempted to establish their case by pointing to Criswell's troubled history, which included alleged drug use, a breakup, problems at work, and discussions of suicide. Criswell counters that the Browns' case against him is nothing more than the stacking of inferences, speculation, conjecture, and innuendo. It is well established that a trier of fact may not draw an inference based entirely upon another inference; inferences must be supported by facts. See State v. Cowans (1999),87 Ohio St.3d 68, 78, citing Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329. Here, the details of Criswell's personal life fail to establish the elements of a cause of action in negligence.
No evidence exists by inference or otherwise that Criswell emitted the gas into his home or that he ignited the gas. Some evidence does exist that he had been near the epicenter of the explosion, that he had inquired of friends about the combination of gas and oxygen, that investigators recovered an oxygen tank from the rubble, and that he had installed a gas water heater in his home; but this evidence does not lead to the inference that Criswell intentionally or negligently acted to blow up his home.
Here, because the Browns have failed to establish by inference or otherwise any negligent conduct by Criswell, we cannot infer that he caused the explosion, or that the doctrine of res ipsa loquitur suggests he had exclusive control over the natural gas in his home. Other theories of a problem with the recently installed gas water heater or defective appliances are equally plausible. Accordingly, we have concluded that the trial court properly granted summary judgment in this case, and we therefore reject these assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that defendants-appellees recover of plaintiffs-appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.