**Larry A. BECKNER, Plaintiff–Appellant,**

v.

**AMERICAN ASBESTOS CONTROL COMPANY, Defendant–Appellee.**

No. 01–3484.

United States Court of Appeals, Sixth Circuit.

Nov. 18, 2002.

Before BOGGS and COLE, Circuit Judges; and BATTANI,* District Judge.

OPINION

COLE, Circuit Judge.

This action arises out of injuries received by a worker in connection with an accident at a demolition work site. The accident victim, Plaintiff–Appellant Larry Beckner, argues that the Defendant–Appellee, American Asbestos Control Company ("American Asbestos"), proximately caused his injuries by breaching its duty not to injure him during the course of his work. Beckner now appeals from the district court's grant of summary judgment in favor of American Asbestos.

This appeal presents one issue for our review: (1) whether the district court properly granted American Asbestos's motion for summary judgment on the ground that Beckner failed to present evidence, as required under Ohio law, that would exclude potential causes of the injury for which the defendant was not legally responsible. For the following reasons, we AFFIRM the judgment of the district court.

---

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

## BACKGROUND

### A. Factual Background

On April 21, 1998, Beckner was working as the superintendent for his employer, Allegheny Steel Distributors, Inc., in connection with the demolition of a building. As demolition was progressing, an employee of Current Electric, identified only as "Ray," asked Beckner if he would assist him in the inspection of some live, overhead electric lines. In order to inspect the lines, Ray and Beckner had to climb into the "bucket" of a "manlift," in which they could be hoisted up to the electric lines for the inspection. The manlift was operated by an employee of American Asbestos. The American Asbestos employee, operating the controls from a truck to which the manlift was attached, successfully lifted Beckner and Ray in the bucket portion of the lift, and they completed their inspection of the overhead wires. Beckner and Ray were then lowered to the ground. As they reached ground level, and just as Ray had exited the bucket, Beckner claims that the bucket broke, a railing hit him in the back, and he was thrown to the ground, suffering injuries to his lower back and left shoulder.

Although American Asbestos owned and operated the manlift, it was manufactured by JLG Industries, Inc. ("JLG") and serviced by Brambles Equipment Services ("Brambles"). Twelve days prior to this accident, on April 9, 1998, American Asbestos experienced other problems with this manlift and sent the leveler cylinder from the lift to TransAxle Corporation ("TransAxle") for repair. TransAxle forwarded the leveler cylinder on to Crile Consolidated Industries, Inc. ("Crile"), who actually conducted the repairs on the cylinder. The cylinder was then returned to American Asbestos, who replaced the cylinder in the manlift machine.

Following the April 21, 1998 accident, on May 5, 1998, the leveler cylinder was again sent by American Asbestos through TransAxle to Crile, who redesigned the cylinder.

### B. Procedural History

On November 9, 1999, Beckner and his wife Cynthia filed an amended complaint in the Court of Common Pleas for Trumbull County, Ohio for injuries suffered in the April 21, 1998 accident and for loss of consortium. Named in the original complaint were American Asbestos, TransAxle, and JLG. On December 17, 1999, JLG filed a notice of removal to the United States District Court for the Northern District of Ohio on grounds of diversity jurisdiction. On January 19, 2000, TransAxle filed a cross-claim against Brambles, and on January 21, 2000, TransAxle filed a third-party complaint against Crile.

Crile, Brambles, American Asbestos, TransAxle, and JLG then filed motions for summary judgment. Beckner failed to respond to any of those motions, except for that filed by American Asbestos. In a memorandum opinion dated April 4, 2001, the district court granted summary judgment to all defendants. Beckner timely appealed the grant of summary judgment in favor of American Asbestos on May 2, 2001.

## DISCUSSION

### 1. STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo. See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the district court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The operative question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.,* 25 F.3d 1320, 1323 (6th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## 2. ANALYSIS

Beckner argues that because American Asbestos owned and operated the manlift, it had a duty to use due care in maintaining and operating it. Since Beckner was injured through no fault of his own, he claims that he has established a prima facie case of negligence against American Asbestos. In order to bring a negligence action under Ohio law, a plaintiff must establish the existence of a legal duty, *see Mussivand v. David,* 45 Ohio St.3d 314, 544 N.E.2d 265, 270 (1989), breach of that duty, *see Texler v. D.O. Sommers Cleaners & Shirt Laundry Co.,* 81 Ohio St.3d 677, 693 N.E.2d 271, 274 (1998), and proximate cause between the breach and the injury that resulted from it. *Wellman v. East Ohio Gas Co.,* 160 Ohio St. 103, 113 N.E.2d 629, 632 (1953). Under this test, the plaintiff carries the burden of producing evidence that would exclude potential causes of the injury for which the defendant is not legally responsible. *Gedra v. Dallmer Co.,* 153 Ohio St. 258, 91 N.E.2d 256, 266 (1950).

Beckner fails to establish that any breach by American Asbestos of its duty to maintain and operate the manlift proximately caused his injuries. He failed to produce evidence that would exclude potential causes of the injury for which American Asbestos is not legally responsible, *see Gedra,* 91 N.E.2d at 266, in order to establish proximate causation between the breach and the injury that resulted from it. *Wellman,* 113 N.E.2d at 632.

Namely, Beckner failed to develop any expert testimony regarding the failure of the cylinder. He neglected to inspect either the damaged cylinder or the manlift, relying only on his own deposition testimony that he was free of negligence. This falls far short of the affirmative duty required under Ohio law to exclude potential causes of the injury for which American Asbestos is not legally responsible. *See Gedra,* 91 N.E.2d at 266. As the district court aptly noted, this failure to develop the record leaves us unable to determine whether the injury resulted from the repair of the cylinder, operator error, negligent installation of the repaired cylinder, faulty design of the manlift, or some other cause. As such, Beckner fails to establish proximate causation between any breach and the injury that resulted from it. *Texler,* 693 N.E.2d at 274.

Beckner appears to argue that the doctrine of *res ipsa loquitur,* rather than negligence, is applicable in the present case and allows a jury to draw an inference of negligence where (a) the instrumentality causing the injury was under the exclusive control of the defendant, and (b) the event causing the injury is of a kind that ordinarily does not occur in the absence of negligence. *See Golec v. Fairview Gen. Hosp.,* 139 Ohio App.3d 788, 745 N.E.2d 1082, 1085 (2000). However, if two or more persons acting independently are responsible for the event causing the injury, then the doctrine of *res ipsa loquitur* does not apply. *Watkins v. S.C. Johnson & Sons, Inc.,* 16 Ohio Misc.2d 11, 477 N.E.2d 479, 481 (Ct.Com.Pl.1984).

Given the dearth of expert testimony submitted, Beckner does not establish that the instrumentality causing the injury was under the exclusive control of American Asbestos. Any number of failures could have proximately caused the injury, many of which were *not* within the exclusive control of American Asbestos. Instead, it

appears that the injury-causing event may have arisen from any number of parties acting independently. Coupled with the failure to present evidence to show that the injury would not have occurred had ordinary care been observed, *see Johnson v. Hammond,* 47 Ohio App.3d 125, 547 N.E.2d 1004, 1006 (1988), Beckner is unable to establish a case for the applicability of the doctrine of *res ipsa loquitur. Watkins,* 477 N.E.2d at 481.

Accordingly, the district court properly granted summary judgment to American Asbestos on the ground that Beckner's negligence action failed as a matter of law and there was no genuine issue of material fact for the jury to decide.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.